Charles P. Maher, State Bar No. 124748
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail: cmaher@luce.com

Counsel for Mohamed Poonja
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re FIRST FINANCIAL LENDER,<br><br>Debtor. | Case No. 10-55096 SLJ<br>Chapter 7 |
|---|---|
| MOHAMED POONJA, Trustee,<br><br>Plaintiff.<br><br>v.<br><br>TERI H. NGUYEN and VINH NGUYEN,<br><br>Defendants. | Adversary Proceeding<br>No. |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**

Plaintiff Mohamed Poonja, Trustee in Bankruptcy of the estate of the above Debtor, alleges as follows:

1. On May 14, 2010, the above Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff was appointed Trustee in Bankruptcy of the Debtor's estate upon the filing of the Chapter 7 petition.

2. This is an adversary proceeding for avoidance and recovery of fraudulent transfers.

1

3. The Court has jurisdiction over this adversary proceeding under 11 U.S.C. §§ 151 and 157(b)(2)(A), (H), and (O).

4. Venue is proper under 28 U.S.C. § 1409.

5. Plaintiff is informed and believes that Defendant Teri H. Nguyen is an individual who is a resident of California and the wife of Defendant Vinh Nguyen.

6. Plaintiff is informed and believes that Defendant Vinh Nguyen is an individual who is a resident of California and the husband of Defendant Teri H. Nguyen.

7. The Defendants were officers of the Debtor, are insiders of the Debtor as that term if defined by 11 U.S.C. § 101(31), and directed all of the Debtor's affairs.

## GENERAL ALLEGATIONS

8. Plaintiff is informed and believes that, in November 2004, the Debtor entered into a loan purchase agreement with Lehman Brothers Bank, FSB, governing the purchase by Lehman Brothers Bank of loans from the Debtor.

9. Plaintiff is informed and believes that, as part of the agreement, the Debtor was obligated to repurchase loans that went into default on the written demand of Lehman Brothers Bank or its agent.

10. Plaintiff is informed and believes that among the loans sold by the Debtor to Lehman Brothers Bank were two loans to Vicente Gaytan.

11. Plaintiff is informed and believes that Mr. Gaytan went into default on both loans in or about 2006.

12. Plaintiff is informed and believes that by letter dated September 19, 2006, and letter dated August 14, 2007, Aurora Loan Services, as agent of Lehman Brothers Bank, made written demand that the Debtor fulfill its "obligations pursuant to the agreement and seller's guide and repurchase [each of the two loans] within 30 days of the date [of the letter]."

13. Plaintiff is informed and believes that the aggregate repurchase price for the two loans was $752,654.

14. The Debtor did not repurchase either loan, and as of December 31, 2007, the Debtor was indebted to Lehman Brothers Bank in the amount of at least $752,654 which sum was

Case: 11-05169    Doc# 1    Filed: 05/27/11    Entered: 05/27/11 15:39:06    Page 2 of 5

2

never paid.

15. The Debtor's 2007 federal tax return shows outstanding loans to Defendant Teri Nguyen in the amount of $422,379.

16. The Debtor's 2008 federal tax return shows a distribution to Defendant Teri Nguyen in the amount of $489,233 (the "Transfer").

17. Plaintiff is informed and believes that the Debtor made the Transfer as part of winding up its affairs, and that the Transfer became community property of the Defendants as husband and wife.

18. Plaintiff is informed and believes that Defendant Teri H. Nguyen contends that she was the sole shareholder of the Debtor in 2007 and 2008; however, the Debtor's 2008 tax returns shows that Defendant Teri Nguyen owned only 80 percent of the shares in the Debtor.

19. The Transfer was a transfer of an interest of the Debtor in property.

### FIRST CLAIM FOR RELIEF
### Recovery of Fraudulent Transfers
### (11 U.S.C. § 548)

20. Plaintiff realleges the allegations set forth in paragraphs 1 through 19 above and incorporates them by reference.

21. The Transfer to the Defendants was a transfer of an interest of the Debtor in property and was made within two years before the date on which the Debtor filed her Chapter 7 petition.

22. The Debtor made the Transfer to the Defendants with the actual intent to hinder, delay, or defraud any entity to which the Debtor was or became indebted on or after the date on which the Transfer was made.

WHEREFORE Plaintiff requests judgment as set forth below.

### SECOND CLAIM FOR RELIEF
### Avoidance of Fraudulent Transfers
### (11 U.S.C. § 548)

23. Plaintiff realleges the allegations set forth in paragraphs 1 through 19 above and incorporates them by reference.

24. The Transfer to the Defendants was a transfer of an interest of the Debtor in property and was made on or within two years before the date on which the Debtor filed her Chapter 7 petition.

25. The Debtor received less than a reasonably equivalent value in exchange for the Transfer, and was insolvent on the date of the Transfer or became insolvent as a result of the Transfer, or the Debtor was engaged in business or a transaction or was about to engage in a business or a transaction for which any property of the Debtor remaining was an unreasonably small capital, or the Debtor intended to incur or believed that she would incur debts that would be beyond her ability to pay as such debts matured.

WHEREFORE Plaintiff requests judgment as set forth below.

### THIRD CLAIM FOR RELIEF
### Avoidance of Fraudulent Transfers
### 11 U.S.C. § 544(b) and Cal. Civ. Code § 3934.04 et seq.

26. Plaintiff realleges the allegations set forth in paragraphs 1 through 19 above and incorporates them by reference.

27. Plaintiff alleges that the Transfer was a transfer of an interest of the Debtor in property and was made within four years of the date on which the Debtor filed its Chapter 7 petition.

28. Plaintiff alleges that the Debtor made the transfer and incurred obligations relating to those transfers with actual intent to hinder, delay, or defraud any creditor of the Debtor.

WHEREFORE Plaintiff requests judgment as set forth below.

### FOURTH CLAIM FOR RELIEF
### Avoidance of Fraudulent Transfers
### 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3934.04 et seq.

29. Plaintiff realleges the allegations set forth in paragraphs 1 through 19 above and incorporates them by reference.

30. Plaintiff alleges that the Transfer was a transfer of an interest of the Debtor in property and was made within four years of the date on which the Debtor filed its Chapter 7 petition.

31. Plaintiff alleges that the Debtor received less than a reasonably equivalent value in exchange for the transfer.

32. Plaintiff alleges that the Debtor was insolvent on the dates on which the transfer or transfers were made or became insolvent as a result of the transfer or transfers, or was engaged in the business or transaction or was about to engage in a business or transaction for which any property remaining with the Debtor was unresonably small capital.

WHEREFORE Plaintiff requests judgment as set forth below.

## REQUEST FOR RELIEF

Plaintiff requests judgment as follows:

A. On Plaintiff's first and second claims for relief, for judgment avoiding the Transfer under 11 U.S.C. § 548(a) and 11 U.S.C. § 550 and for preservation of the Transfer for the benefit of the estate under 11 U.S.C. § 551.

B. On the third and fourth claims for relief, for a judgment against the Defendants avoiding the Transfer under 11 U.S.C. § 544 and 550, and California Civil Code Sections 3439 et seq., and preserving those transfers for the benefit of the estate under 11 U.S.C. § 551.

C. On the first, second, third, and fourth claims for relief, for a money judgment against Teri H. Nguyen and Vinh Nguyen jointly and severally in the amount of $489,233.

D. For prejudgment interest on any money judgment beginning on the date the bankruptcy petition was filed.

E. For such other relief the Court may deem appropriate.

DATED: May 27, 2011　　　　LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Charles P. Maher
Counsel for Mohamed Poonja, Trustee

301257288.1